**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In Re: ) | | |
| ) | | |
| DONALD DEAN ADAMS, ) | | Case No. 05-32330 |
| ) | | |
| Debtor. ) | | |
| _____ ) | | |
| ) | | |
| BETH WILLIAMS and REBECCA JAYNES, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| v. ) | | Adv. No. 06-3014 |
| ) | | |
| DONALD DEAN ADAMS, ) | | |
| ) | | |
| Defendant. ) | | |

**MEMORANDUM ORDER DENYING**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

On October 5, 2005, Plaintiffs Beth Williams and Rebecca Jaynes obtained a judgment ("Judgment") in the Circuit Court of Jackson County, Missouri,[1] against, *inter alia*, the Debtor, Donald Dean Adams, and (per the findings of the Circuit Court) the Debtor's alter-ego, Echo's Restaurant and Lounge. The Debtor filed bankruptcy shortly after the entry of the Judgment, and on April 11, 2006, the Plaintiffs filed a complaint for a determination that the debt arising from the Judgment is nondischargeable under 11 U.S.C. § 523(a)(6). They now seek summary judgment on that complaint, alleging that the Judgment contains all of the findings necessary to support a determination of nondischargeability under § 523(a)(6) and that the Debtor cannot challenge those findings under the doctrine of collateral estoppel.

For the reasons stated below, the Court finds that while the Debtor cannot challenge the findings in the Judgment under the doctrine of collateral estoppel, those findings do not support a determination of nondischargeability under § 523(a)(6). Therefore, the Plaintiffs are not entitled to judgment as a matter of law at this juncture.

---

[1] Case No. 02CV228258.

## BACKGROUND

The only background relevant to the Plaintiffs' motion pertains to the judgment which they contend is entitled to collateral estoppel in the present action.

On October 8, 2005, the Plaintiffs filed a petition ("Petition") in the Circuit Court of Jackson County, Missouri, against the Debtor, his business – Echo's Restaurant and Lounge, Inc. ("Echo's") – and Thomas C. Silvola, for damages arising from an auto collision caused by Silvola who was driving under the influence of alcohol purchased at Echo's. The Debtor and Echo's filed an answer to the petition and participated in discovery, but they did not appear for the trial. On October 3, 2005, the same day as the trial, the Circuit Court entered judgment against the Debtor and Echo's. That judgment contains the following findings:

> The Court further finds that the conduct of Echo's Restaurant and Lounge, Inc., which was licensed to sell intoxicating liquor to defendant Silvola, who was obviously intoxicated, was also the proximate cause of the injuries to Plaintiffs, and that such conduct was willful, wanton and malicious and, therefore, an award of punitive damages against Echo's Restaurant and Lounge, Inc. is warranted.
>
> The Court further finds that Echo's Restaurant and Lounge, Inc. was and is the alter ego of Defendant Donald Adams and his wife Teresa "Teri" Adams based upon their exclusive control and dominion over Echo's and admissions by Defendant Adams that Echo's had zero assets when it was incorporated and that such undercapitalization has never changed.

Pursuant to these findings, the Circuit Court awarded Plaintiff Williams $250,000 in actual damages against Silvola, Echo's, and Adams, jointly and severally; $500,000 in punitive damages against Echo's; and $500,000 in punitive damages against Adams. Plaintiff Jaynes was awarded $3,000,000 in actual damages against Silvola, Echo's, and Adams, jointly and severally; $2,000,000 in punitive damages against Echo's; and $2,000,000 in punitive damages against Adams.

The Plaintiffs argue in the motion for summary judgment that the findings in the Judgment support a determination under § 523(a)(6) that the debts arising from the Judgment are nondischargeable, and that those findings are binding on this Court under the doctrine of collateral estoppel. Therefore, they conclude, they are entitled to judgment as a matter of law.

**DISCUSSION**

As a matter of constitutional and statutory law,[2] federal courts generally "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."[3] Under Missouri law, there are two preclusive doctrines: claim preclusion, or "*res judicata*," and issue preclusion, which is called "collateral estoppel." *Res judicata* applies when the claim being pursued is identical to the *claim* previously adjudicated.[4] Collateral estoppel, on the other hand, is used to preclude the re-litigation of identical *issues*. Because bankruptcy courts have exclusive jurisdiction over dischargeability claims, *res judicata* can never be applied to state court judgments.[5] Consequently, collateral estoppel is the only preclusive doctrine that applies to determinations of dischargeability.

In Missouri, collateral estoppel requires four criteria to be met: (1) the issue decided in the prior adjudication is identical with the issue presented in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.[6]

In this case, collateral estoppel does not apply because the first criterion is not met.[7] To prevail under 11 U.S.C. § 523(a)(6), a creditor must prove that the allegedly nondischargeable debt

---

[2] *See* U.S. Const. art. IV, § 1 and 28 U.S.C. § 1738.

[3] *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

[4] *King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 501 (Mo. 1991).

[5] *Brown v. Felsen*, 442 U.S. 127, 136-37; 99 S. Ct. 2205, 2211-12, 60 L.Ed.2d 767 (1979); *In re Holiday Interval, Inc.*, 114 B.R. 177, 181 (Bankr. W.D. Mo. 1989).

[6] *Shahan v. Shahan*, 988 S.W.2d 529, 531 (Mo. 1999).

[7] All of the other criteria, however, have been met – even though Echo's and Adams did not appear at trial, the Judgment against them was on the merits because they both answered and otherwise participated in the lawsuit (criteria #2); the party against whom collateral estoppel is now asserted – Adams – is the same person who was a party in the prior adjudication (criteria #3); and the uncontested evidence indicates that Adams had a full and fair opportunity to litigate the relevant issues in the Circuit Court, although he chose not to take advantage of that opportunity (criteria #4).

arises from a "willful and malicious injury" to the creditor or the creditor's property.[8] In this case, the Judgment states that the conduct of Adams, as Echo's alter-ego, was "willful, wanton and malicious"; however, the "willful and malicious" standard used in § 523(a)(6) is more exacting than the standard applied by the Circuit Court.

The Circuit Court did not explain in the Judgment or in the transcript of the trial why it regarded Adams's conduct as willful, wanton and malicious, so it is presumed the Circuit Court used those terms consistent with their common usage in Missouri law. In Missouri, a "willful" act refers to an intentional wrongdoing, a "wanton" act is a wrongful act done on purpose or in malicious disregard of the rights of others, and a "malicious" act is one that is done with vindictive motives or wrongfully without just cause or excuse.[9] For purposes of § 523(a)(6) "willful" means that the injury, not merely the act leading to the injury, must be deliberate or intentional; and "malicious" means that the injury is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause financial harm to that creditor.

Comparing these two standards, the Court finds that the Judgment's bare statement that Adams's conduct was "willful, wanton, and malicious" does not establish that the injuries to the Plaintiffs were "willful and malicious" for purposes of § 523(a)(6). The crucial difference between these two standards is that an act which is found to be "willful, wanton, and malicious" under Missouri law is not necessarily done with the certainty that harm will occur as required by § 523(a)(6).

The Eighth Circuit Court of Appeals has set the bar of certainty of harm high for § 523(a)(6).[10] In fact, prior to the enactment of § 523(a)(9),[11] which makes debts arising from the death or personal injury caused by a debtor's operation of a vehicle under the influence of drugs or

---

[8] 11 U.S.C. § 523(a)(6).

[9] *Voss v. American Mutual Liability Insurance Co.*, 341 S.W.2d 270 (Mo. Ct. App. 1960)

[10] *See Hartley v. Jones* (*In re Hartley*), 869 F.2d 394 (8th Cir. 1989) (determining that debt arising from debtor's reckless conduct in throwing a firecracker into a room filled with flammable and explosive fumes was nondischargeable because debtor did not actually intend for the ensuing explosion to occur) (citing *Cassidy v. Minihan*, 794 F.2d 340, 344 (8th Cir. 1986) (discussed below)).

[11] Section 523(a)(9) was added to the Code as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984.

alcohol nondischargeable, the Court of Appeals had determined in *Cassidy v. Minihan*[12] that a drunk driver's reckless disregard for the probability that harm would result from the operation of a vehicle on public roads did not rise to the level of certainty necessary to support a determination of nondischargeability under § 523(a)(6).[13] While the holding in *Cassidy* has been abrogated by the enactment of § 523(a)(9), the *Cassidy* court's interpretation of "willful and malicious" is still useful as a benchmark against which to assess conduct under § 523(a)(6). And that benchmark is particularly instructive in this case – if a drunk driver does not possess the necessary certainty that harm will occur from his actions, then, *a fortiori*, the purveyor of alcohol to that drunk driver does not possess that certainty. In light of this precedent, the Court harbors serious doubt that a dram shop liability can ever support a § 523(a)(6) claim in this jurisdiction.[14] But for purposes of ruling on the Plaintiffs' motion for summary judgment, the Court need only determine at this juncture that the Judgment does not contain findings sufficient to support a determination of nondischargeability under § 523(a)(6).

Therefore, for the reasons stated above, it is

**ORDERED** that the Plaintiffs' motion for summary judgment is hereby DENIED.

**SO ORDERED** this 17th day of August, 2006.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Stephen B. Strayer
Corey M. Swischer

---

[12] 794 F.2d 340, 344 (8th Cir. 1986)

[13] *Cassidy*, 794 F.2d at 344.

[14] *See also, Hoehn v. Taneff* (*In re Taneff*), 190 B.R. 501 (W.D. N.Y. 1996) (determining that tavern owner did not inflict a willful and malicious injury for purposes of 11 U.S.C. § 523(a)(6) when he served alcohol to an intoxicated patron who subsequently caused an auto accident).